[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10640
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cr-00189-VMC-TGW-5

UNITED STATES OF AMERICA,

                             Plaintiff-Appellee,

versus

NELSON ELICIER MILLAN,

                             Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 9, 2014)

Before TJOFLAT, MARCUS and WILLIAM PYROR, Circuit Judges.

PER CURIAM:

   Section 922(g) of Title 18 of the United States Code provides, in relevant part, that it is "unlawful for any person . . . who has been convicted [of a felony]

. . . to . . . possess . . . any firearm or ammunition." Nelson Millan had a record of two cocaine-trafficking convictions—both felonies—when law-enforcement officers, while searching his residence for cocaine, found a Glock .40 caliber pistol and $426,000 in cash. In a four-count indictment, Millan was charged with conspiracy to traffic cocaine, in violation of 21 U.S.C. § 846 (Count One); with related offenses (Counts Two and Three);[1] and with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Four). A jury found him guilty on Count Four but was unable to reach a verdict on the other counts.

The government decided not to retry Millan on Counts One through Three. The District Court thereafter sentenced him on Count Four to a prison term of 108 months. Millan appeals his sentence, arguing that the District Court, in calculating his offense level under the Sentencing Guidelines, U.S.S.G. § 2K2.1, erred in finding that he used or possessed the Glock pistol "in connection with another felony offense," cocaine trafficking, and therefore erred in enhancing his base-offense level pursuant to U.S.S.G. § 2K2.1(b)(6)(B). The court erred, Millan says, because there was insufficient evidence that the firearm found in his house was possessed in connection with the drug-trafficking conspiracy alleged in the indictment. Specifically, Millan argues that the $426,000 in cash found in his

---

[1] Count Two charged Millan with possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); Count Three, with possession of a firearm in furtherance of the offenses in Counts One and Two, in violation of 18 U.S.C. § 924(c)(1)(A).

residence—money the District Court characterized as "possible drug proceeds"—did not establish by a preponderance of the evidence that the firearm was used or possessed in connection with the alleged drug conspiracy.

We review a district court's findings of fact for clear error and its application of the Guidelines to the facts de novo. United States v. Barrington, 648 F.3d 1178, 1194–95 (11th Cir. 2011). A finding of fact is clearly erroneous when, upon review of the evidence, we are left with a definite and firm conviction that a mistake has been made. Id. at 1195. We give substantial deference, moreover, to the District Court's findings regarding "credibility determinations with respect to witness testimony." United States v. Clay, 483 F.3d 739, 744 (11th Cir. 2007) (quotation marks omitted).

The government bears the burden of establishing the facts necessary to support a sentencing enhancement by a preponderance of the evidence. United States v. Perez-Oliveros, 479 F.3d 779, 783 (11th Cir. 2007). Under the preponderance-of-the-evidence standard, the trier of fact—here, the District Court—must believe that the existence of a fact is more probable than not. United States v. Almedina, 686 F.3d 1312, 1315 (11th Cir. 2012).

Section 2K2.1(b)(6)(B) provides a four-level enhancement to a defendant's base-offense level if the defendant used or possessed a firearm or ammunition in connection with another felony offense. U.S.S.G. § 2K2.1(b)(6)(B). In general, a

firearm is possessed in connection with another felony offense when it facilitates or has the potential of facilitating that offense. U.S.S.G. § 2K2.1 cmt. n.14(A). With respect to drug trafficking, the enhancement is warranted when the firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia, because the presence of the firearm has the potential of facilitating the drug offense. Id. at cmt. n.14(B); see also United States v. Carillo-Ayala, 713 F.3d 82, 92 (11th Cir. 2013) (addressing the enhancement in § 2K2.1(b)(6)(B) and holding that "[a] firearm found in close proximity to drugs or drug-related items simply 'has'—without any requirement for additional evidence—the potential to facilitate the drug offense"). An offense can qualify as "another felony offense" even if no conviction was obtained with regard to that offense. Id. at cmt. n.14(C).

The District Court's finding that a firearm was possessed "in connection with" another felony offense is a factual finding we review for clear error. E.g., United States v. Whitfield, 50 F.3d 947, 949 & n.8 (11th Cir. 1995). We have stated that the phrase "in connection with" should be given its ordinary meaning and have refused to construe it more narrowly. United States v. Rhind, 289 F.3d 690, 695 (11th Cir. 2002). For example, in Rhind, we held that unloaded and inoperable firearms located in a vehicle used in carrying out a counterfeiting scheme were possessed "in connection with" the counterfeiting scheme in part

4

because "it would be reasonable to conclude that the presence of the firearms protected the counterfeit money from theft during the execution of the felony." Id.

In deciding to apply the § 2K2.1(b)(6)(B) enhancement, the District Court reasoned as follows:

> [B]ased on . . . . my recollection of the facts from the trial, . . . I find that . . . the defendant does indeed qualify for the four-level enhancement, even though he was found not guilty on the drug count.[2]
>
> And in light the fact that the officers found the $426,000 in cash, the unloaded Glock .40 caliber handgun and one loaded ten-round magazine next to the cash in defendant's bedroom and a hidden compartment inside the vehicle on the defendant's property, that coupled with the fact that the defendant's gun was found inside his bedroom in close proximity to the $426,000 in possible drug proceeds, one can conclude that the gun was possessed in connection with the drug conspiracy.

Doc. 338 at 12–13.[3]  In the District Court's view, "[i]t was not that difficult to establish that [the $426,000 was] drug money." Id. at 42.  Moreover, Millan's wife's testimony providing an alternative explanation for the source of the money was "totally incredible." Id. at 42–43.  Finally, in referring to Millan's criminal

---

[2] The jury's verdict indicates no verdict for Counts One through Three.  The spaces for "Guilty" and "Not Guilty" were left blank, whereas on Count Four, the space for "Guilty" was check-marked.  Doc. 269.

[3] A witness, Luis Colan testified that he had known Millan since 2011 and that he used to pick up packages of cocaine for Millan.  Doc. 334 at 275–77.  On one occasion, he used Millan's truck, a Toyota Sequoia, to pick up six kilograms of cocaine at the Ft. Lauderdale airport.  Colan testified that the cocaine was placed in the truck's hidden compartment to hide it during the drive back to Tampa.  Id. at 276.

5

history, the District Court told Millan: "I have no doubt what you've been doing for the past few years." Id. at 43.

We find no error in the District Court's finding that Millan possessed the firearm in connection with the cocaine-trafficking conspiracy. Though the jury failed to return a verdict on the conspiracy charge, the District Court had ample evidence before it on which to find by a preponderance of the evidence that the Glock pistol was used in connection with Millan's involvement in that conspiracy.

AFFIRMED.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

December 09, 2014

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 14-10640-CC
Case Style: USA v. Nelson Millan, et al
District Court Docket No: 8:13-cr-00189-VMC-TGW-5

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joe Caruso, CC at (404) 335-6177.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1 Ntc of Issuance of Opinion